```
              UNITED STATES DISTRICT COURT
                       FOR THE
              MIDDLE DISTRICT OF PENNSYLVANIA

JAMES SILVERMAN,                :
                                :
        Plaintiff               :   No. 4:07-CV-2350
                                :
    vs.                         :   (Complaint Filed 12/31/07)
                                :
MICHAEL J. ASTRUE,              :
COMMISSIONER OF SOCIAL          :   (Judge Muir)
SECURITY,                       :
                                :
        Defendant               :
```

**ORDER**
September 10, 2008

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

The above-captioned action is one seeking review of a decision of the Commissioner of Social Security ("Commissioner") denying Plaintiff James Silverman's claim for social security disability benefits.

Silverman, who was born on June 30, 1961, claims that he became disabled on June 14, 2005, because of degenerative joint disease, metabolic syndrome, diabetic neuropathy, obesity and depression.  On August 25, 2005, Silverman filed an application for disability benefits.  After his claim was denied initially, a hearing was held on January 11, 2007, before an administrative law judge.  On July 27, 2007, the administrative law judge issued a decision denying Silverman's application for benefits.  Silverman filed a request for review of that decision with the Appeals Council of the Social Security Administration.  On November 30,

2007, the Appeals Council concluded that there was no basis upon which to grant Silverman's request for review. Thus, the administrative law judge's decision stood as the final decision of the Commissioner.

On December 31, 2007, Silverman filed a complaint in this court requesting that we reverse the decision of the Commissioner denying him disability benefits. The Clerk of Court assigned responsibility for this case to us but referred it to United States Magistrate Judge Malachy E. Mannion for preliminary consideration.

The Commissioner filed an answer to the complaint and a copy of the administrative record on March 10, 2008. Pursuant to Local Rules 83.40.4 and 83.40.5, Silverman filed his brief on April 16, 2008, and the Commissioner filed his brief on May 15, 2008. The appeal became ripe for disposition on June 2, 2008, when Silverman elected not to file a reply brief. On September 4, 2007, the file was retrieved from Magistrate Judge Mannion for disposition by the undersigned.

When considering a social security appeal, we have plenary review of all legal issues decided by the Commissioner. See Schaudeck v. Commissioner of Social Sec. Admin., 181 F.3d 429, 431 (3d Cir. 1999). However, our review of the Commissioner's findings of fact pursuant to 42 U.S.C. § 405(g) is to determine whether those findings are supported by "substantial evidence." Factual findings which are supported by substantial

evidence must be upheld. E.g., Mason v. Shalala, 994 F.2d 1058, 1064 (3d Cir. 1993).

Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971)(quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229 (1938)). Substantial evidence exists only "in relationship to all the other evidence in the record," Cotter v. Harris, 642 F.2d 700, 706 (3d Cir. 1981), and "must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1971). Therefore, a reviewing court must scrutinize the record as a whole. Smith v. Califano, 637 F.2d 968, 970 (3d Cir. 1981); Dobrowolsky v. Califano, 606 F.2d 403, 407 (3d Cir. 1979). In an adequately developed factual record, substantial evidence may be "something less than the weight of the evidence, and the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." Consolo v. Federal Maritime Commission, 383 U.S. 607, 620 (1966).

The Commissioner utilizes a five-step process in evaluating disability insurance and supplemental security income claims. See 20 C.F.R. §404.1520 and 20 C.F.R. § 416.920. This process requires the Commissioner to consider, in sequence, whether a claimant (1) engaged in substantial gainful activity

after the onset of the alleged disability, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) has the residual functional capacity to return to his or her past work and (5) if not, whether he or she can perform other work in the national economy.  As part of step four the administrative law judge must determine the claimant's residual functional capacity.

Residual functional capacity is the individual's maximum remaining ability to do sustained work activities in an ordinary work setting on a regular and continuing basis. See Social Security Ruling 96-8p, 61 Fed. Reg. 34475 (July 2, 1996). The residual functional capacity assessment must include a discussion of the individual's abilities. Id.

In this case the administrative law judge at step one found that Silverman did not engage in substantial gainful activity since the alleged onset of the disability.  At step two, the administrative law judge found that Silverman suffered from the following severe impairments: degenerative joint disease, metabolic syndrome, diabetic neuropathy and obesity.  At step three, the administrative law judge found that the impairments did not individually or in combination meet or equal a listed impairment.  At step four, the administrative law judge found that Silverman has the residual functional capacity to do sedentary work but that he does not have the residual functional capacity to perform his past work as a bookbinder because that occupation

involved heavy skilled work.[1]  The administrative law judge concluded that based on Silverman's residual functional capacity he was not disabled because he could perform a significant number of unskilled, sedentary jobs in the national economy pursuant to the medical-vocational guidelines (grids) found at 20 C.F.R. pt. 404, subpt. P, app. 2.

Silverman in his appeal brief has not challenged the administrative law judge's finding that he could perform the physical demands of sedentary work.  He focuses on the mental non-exertional demands that are required for the performance of such work.  We will, therefore, only briefly review Silverman's physical limitations.

Silverman at the alleged onset date of his disability was 43 years old and considered a younger individual under social security regulations.  20 C.F.R. § 404.1564.  Silverman has a 4-year college education.[2]   From 1981 to 2005 Silverman was employed as a bookbinder for The Charles A. Stratton Company,

---

1.  Sedentary work requires "lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R. § 404.1567(a)(2007). Sedentary work generally requires sitting six hours per day, with standing and walking no more than two hours per day.  Social Security Ruling (SSR) 83-10.

2.  With regard to Silverman's college education, medical records from the Department of Veterans Affairs state: "Physical problems began when in his  senior year of college at Fredonia State U., on a full 4 year ROTC scholarship, he severely damaged his knee, and was consequently given an Honorable Discharge due to medical reasons."  Administrative record, page 500.

Brooklyn, New York.  Silverman would regularly lift boxes of books as part of his job.  Silverman had a left total knee replacement in 2000.  Silverman's treating surgeon was of the opinion that as of May 2001 Silverman could return to work as a bookbinder.  Silverman testified at the hearing before the administrative law judge that his job as a bookbinder required standing all day and lifting fifty pounds or more.

Silverman had a number of surgeries on his left knee prior to the alleged onset of his disability.  In March 2005, Evan Schwartz, M.D., a treating orthopedist, stated that Silverman had good function overall but would have difficulty with prolonged standing.

In March 2005, F. Santi DiFranco, M.D., a treating specialist in internal medicine, stated that Silverman was unable to perform his past work as a bookbinder. Although Dr. DiFranco initially opined that Silverman was totally disabled, he later clarified that Silverman was disabled from his past work but could perform sedentary work.

In October 2005, Sharon Wander, M.D., a state agency physician, reviewed the medical evidence of record and stated that Silverman could perform light work[3] with occasional climbing of

---

3.  Light work requires lifting only twenty pounds at a time and ten pounds frequently, with standing or walking up to six hours per day.  20 C.F.R. § 404.1567(b)(2007); SSR 83-10.

ramps or stairs, balancing, kneeling, or crawling, and no climbing of ladders, ropes or scaffolds.[4]

The administrative record reveals that Silverman repeatedly denied depression or other mental impairments upon questioning by treating medical providers.  An initial mental health status check on hospital admission in September, 2005, and depression screening in January, 2006, were both negative.  At the hearing before the administrative law judge, Silverman denied having any mental impairments.  Two weeks after the hearing before the administrative law judge, Silverman sought a mental health evaluation at a VA Hospital.  The records of that evaluation were submitted to the administrative law judge prior to his rendering a decision.

Chris Constance, a social worker at the VA Hospital, noted depressed mood and mildly constricted affect.  He reported Silverman's alleged symptoms but did not perform any objective mental status tests.  Mr. Constance diagnosed a depressive disorder not otherwise specified and assessed a global assessment of functioning rating of forty.  Silverman was scheduled to commences weekly counseling sessions. However, there is no evidence that Silverman returned to the VA Hospital for counseling and he was prescribed no medication.

---

4.  Sedentary, unskilled work generally does not require activities such as balancing, kneeling, crouching, crawling, and climbing ladders, ropes, and scaffolds.  SSR-96-9p.

According to the Diagnostic and Statical Manual of Mental Disorders (4th ed. 1996) a diagnosis of depressive disorder not otherwise specified is made when the patient's impairment does not meet the criteria for Major Depressive Disorder, Dysthymic Disorder or Adjustment Disorder with Depressed Mood.  Examples of depressive disorder not otherwise specified include minor depressive disorder and recurrent brief depressive disorder.  A global assessment of functioning rating of 40 indicates "some impairment in reality testing or communication" or "major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood."

The administrative law judge found that Silverman had severe impairments that would limit him to performing sedentary work but that Silverman's depression was not a severe impairment. The administrative law judge further found that Silverman had only "mild" mental limitations and that they would not prevent him from performing sedentary work.

Silverman argues that the administrative law judge erred in failing to give controlling weight to the global assessment of functioning rating offered by his "treating physician."  This argument is without merit because the source, as noted above, was not a physician but a social worker, Chris Constance.  A social worker is not an acceptable medical source to rely on in determining a claimant's mental health for purposes of a disability determination. 20 C.F.R. § 404.1513(a)(2007). Opinions

of individuals who are not acceptable medical sources may be considered but are not entitled to the deference afforded to opinions of treating physicians. 20 C.F.R. §§ 404.1513(a), (d)(2007).  Furthermore, the global assessment of functioning rating of 40 noted by social worker Constance is not supported by any medical evidence or clinical findings.

An impairment, whether physical or mental, must be established by "medical evidence consisting of signs, symptoms, and laboratory findings," and not just by the claimant's subjective statements.  20 C.F.R. § 404.1508 (2007). Mental status examination findings that constitute "signs" may include "appearance, behavior, and speech; thought process (e.g., loosening of associations); thought content (e.g., delusions); perceptual abnormalities (e.g., hallucinations); mood and affect (e.g., depression, mania); sensorium and cognition (e.g., orientation, recall, memory, concentration, fund of information, and intelligence); and judgment and insight." 20 C.F.R.  Pt. 404, subpt. P, app. 1, § 12.00(D)(4)(2007). Social worker Constance describes Silverman as having a depressed mood and a "mildly constricted" affect. The remainder of the "mental status" examination is simply a recitation of Silverman's reported symptoms rather than any additional objective signs or findings.

Notably, an earlier depression screening had been negative.  Also, Silverman's total lack of treatment for a mental disorder discredits the global assessment of functioning rating

made by social work Constance.  Silverman repeatedly indicated that he had no history of mental health treatment and has submitted no evidence of on-going treatment after his initial January 2007 evaluation. Silverman's one-time examination, with no follow-up treatment or use of medication, does not support his allegation of a disabling mental impairment.

Silverman's daily activities further suggest that the global assessment of functioning rating offered by Constance is unreliable.  Silverman alleged difficulty performing the physical demands of certain activities.  However, he did not allege any specific limitations relating to his mental abilities.

The administrative law judge found that Silverman had mild limitations in his ability to perform mental activities. However, the administrative law judge also found that those limitations did not prevent him from performing sedentary work. Our review of the administrative record reveals that the decision of the administrative law judge is supported by substantial evidence. We will, therefore, pursuant to 42 U.S.C. § 405(g) affirm the decision of the Commissioner of Social Security denying Silverman social security disability benefits.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The decision of the Commissioner of Social Security denying James Silverman social security disability benefits is affirmed.

      2.   The Clerk of Court shall enter judgment in favor of the Commissioner and against Silverman.

      3.   The Clerk of Court shall close this case.

                    s/Malcolm Muir  
                      MUIR  
                      United States District Judge

MM:gs